**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000592
31-MAY-2018
08:07 AM**

NO. CAAP-17-0000592

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CHARLES (TED) & DARLENE JOHNS,
Appellants,
v.
BOARD OF WATER SUPPLY DEPARTMENT OF WATER
SUPPLY COUNTY OF MAUI, Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 17-1-0156(2))

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Fujise and Leonard, JJ.)

Appellants-Appellants Charles T. Johns and Darlene T. Johns (collectively, **the Johnses**) appeal from a Final Judgment entered on July 13, 2017, and challenge an underlying "Order Granting Appellee County of Maui Department of Water Supply's Motion to Dismiss Appeal for Lack of Subject Matter Jurisdiction with Prejudice," both entered by the Circuit Court of the Second Circuit (**circuit court**).[1] The circuit court concluded that because the Johnses' notice of appeal to that court was untimely, it lacked jurisdiction to hear the Johnses' appeal from the County of Maui Board of Water Supply's "Findings of Fact, Conclusions of Law, and Decision and Order" (**Board's Order**).

---

[1] The Honorable Peter T. Cahill presided.

In their appeal to this court, the Johnses argue that the circuit court erred in calculating the deadline to appeal the Board's Order because: (1) the time period to appeal should be triggered from the date they received the Board's Order -- March 20, 2017 -- rather than the date the Board's Order was mailed; and (2) their mailing of the Notice of Appeal on April 17, 2017 was within the required time period.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the Johnses' points of error as follows and affirm.

We review *de novo* whether the circuit court had jurisdiction over the Johnses' appeal from the Board's Order. *Rivera v. Dep't of Labor & Indus. Relations*, 100 Hawai'i 348, 349, 60 P.3d 298, 299 (2002).[2]

With regard to the Johnses' first point of error, Hawaii Revised Statutes (**HRS**) § 91-14(b) (Supp. 2017) provides that proceedings for judicial review of an agency contested case decision "shall be instituted in the circuit court . . . within thirty days after the preliminary ruling or <u>within thirty days after **service**</u> of the certified copy of the final decision and order of the agency <u>pursuant to rule of court</u>[.]" (emphasis added). The "rule of court" referenced in HRS § 91-14(b) refers to the Hawai'i Rules of Civil Procedure (**HRCP**), of which Rules 5(b)(3), 6(a), 6(e), and 72(b) are applicable to the instant case. *Rivera*, 100 Hawai'i at 349, 60 P.3d at 299.

---

[2] We disagree with the assertion by Appellee-Appellee County of Maui Department of Water Supply (**County**) that because the circuit court lacked jurisdiction, we lack appellate jurisdiction. The County's reliance on <u>Rivera</u> for this proposition is incorrect because in <u>Rivera</u> the Hawai'i Supreme Court exercised appellate jurisdiction and <u>affirmed</u> the circuit court's ruling in that case that the circuit court lacked jurisdiction. 100 Hawai'i at 349, 60 P.3d at 299. <u>See also</u> <u>Koga Eng'g & Constr., Inc. v. State</u>, 122 Hawai'i 60, 84, 222 P.3d 979, 1003 (2010) ("when reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction.") (citation, internal quotation marks, and brackets omitted). Here, the Johnses timely filed their Notice of Appeal to this court from the circuit court's July 13, 2017 Final Judgment.

In turn, HRCP Rule 5(b)(3) allows for service by mail and provides that "[s]ervice by mail is complete upon mailing." See also Rivera, 100 Hawaiʻi at 349, 60 P.3d at 299. However, when service of a contested case decision is by mail, as it was in this case, HRCP Rule 6(e) allows two additional days for the party receiving the mail to file a notice of appeal:

> (e) *Additional time after service by mail.* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 2 days shall be added to the prescribed period.

(Emphasis added.) See Rivera, 100 Hawaiʻi at 349, 60 P.3d at 299.

Here, the Certificate of Service for the Board's Order provides that the Board's Order was mailed to the Johnses on Thursday, March 16, 2017. Because the Board's Order was served by mail, HRCP Rule 6(e) was triggered and the Johnses had two additional days to file their notice of appeal in the circuit court. Thus, the Johnses had thirty-two days, ending on Monday, April 17, 2017, within which to file their notice of appeal with the circuit court.[3]

The Johnses assert that they mailed their notice of appeal to the circuit court on Monday, April 17, 2017. This notice of appeal was filed in the circuit court on Thursday, April 20, 2017,[4] which was three days beyond the prescribed period.

---

[3] The Johnses contend that the envelope in which they received the Board's Order by mail was postmarked March 17, 2017. In the circuit court, they attached an unverified copy of an envelope as an appendix to their May 12, 2017 "Motion to Reverse Appellees Motion to Dismiss Appeal for Lack of Jurisdiction." This envelope shows a postmark date of "MAR 17 2017[.]"
Even if we calculate the time to appeal based on the Board's Order being mailed on March 17, 2017, the Johnses' notice of appeal would still be untimely. Their thirty-two day window in which to file the notice of appeal with the circuit court would have ended on Tuesday, April 18, 2017. See HRCP Rules 5(b)(3), 6(a) and (e). Again, the Johnses' notice of appeal filed on April 20, 2017 would be untimely under these circumstances as well.

[4] The Johnses do not contend that the circuit court received the notice of appeal prior to April 20, 2017, and there is nothing in the record to indicate that the circuit court received the notice of appeal prior to its filing date.

3

In their second point of error, the Johnses contend that the circuit court should have calculated the submission date for their notice of appeal based on the date they <u>mailed</u> it, rather than the date the notice of appeal was actually <u>filed</u> in the circuit court. We cannot agree. As noted, HRS § 91-14(b) requires that proceedings for judicial review shall be instituted in the circuit court pursuant to rule of court, *i.e.* the HRCP. See <u>Rivera</u>, 100 Hawai'i at 349, 60 P.3d at 299. HRCP Rule 72, the applicable rule for appeals to the circuit court from agency decisions, requires that "[t]he notice of appeal shall be <u>filed</u> in the circuit court within 30 days[.]" (emphasis added); <u>see also</u> <u>Price v. Zoning Bd. of Appeals of the City & Cty. of Honolulu</u>, 77 Hawai'i 168, 171, 883 P.2d 629, 632 (1994). HRCP Rule 5(e), titled "Filing with the court defined" provides that "[t]he filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court[.]" Accordingly, the Johnses did not "file" their appeal within the prescribed period.

Because the Johnses' appeal from the Board's Order was not filed in a timely manner in the circuit court, the circuit court properly dismissed the case for lack of jurisdiction. <u>Rivera</u>, 100 Hawai'i at 352, 60 P.3d at 302.

Therefore, IT IS HEREBY ORDERED that the Final Judgment, entered by the Circuit Court of the Second Circuit on July 13, 2017, is affirmed.

DATED: Honolulu, Hawai'i, May 31, 2018.

On the briefs:

Charles (Ted) & Darlene Johns,
Appellants pro se.

Patrick K. Wong,
Kristin K. Tarnstrom,
Caleb P. Rowe,
for County of Maui Department of
Water Supply

Chief Judge

Associate Judge

Associate Judge

4